UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LINDA AND KEVIN YEDINAK, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No.: 2:17-cv-04131 BCW |
| GREAT DANE LLC, et al. | ) ) **JURY TRIAL DEMANDED** |
| Defendants. | ) ) |

**JUDGMENT AND ORDER APPROVING**
**CONFIDENTIAL WRONGFUL DEATH SETTLEMENT**

This cause comes before the Court on the Joint Motion to Approve Confidential Wrongful Death Settlement with all Defendants to this action. The matter is called and heard. Plaintiffs Linda and Kevin Yedinak appear with their attorney. Great Dane LLC appears by its attorney. RJ Truck Lines LLC appears by its attorney. Evidence and testimony is presented. Evidence having been heard and the Court being fully advised, the Court makes the following findings and enters its judgment and orders as follows:

1. The Plaintiffs, in open court, waives their right to jury trial and submit the terms of the proposed settlement to the Court for approval.

2. On or about June 13, 2014, Bethany Yedinak sustained personal injuries resulting in her death when the vehicle she was operating collided with a semi and trailer on Interstate 70 in Callaway County, Missouri. The semi and trailer were owned by defendant RJ Truck Lines LLC and operated by its employee, defendant Jose Cardenas-Villapando. The trailer was manufactured by defendant Great Dane LLC. Defendants deny all liability.

3. Plaintiff filed a Petition against all Defendants for wrongful death, alleging various negligence claims related to the operation, maintenance, design and manufacture of the van trailer

Page 1

that was involved in the crash that caused Bethany Yedinak's death. Defendants dispute liability and deny all allegations of negligence or fault asserted against them.

4. Plaintiffs Linda and Kevin Yedinak, husband and wife, are the only members of Class I of §537.080 (1) RSMo and are the sole beneficiaries as the surviving parents of Bethany Yedinak.

5. The Plaintiffs and Named Defendants have reached a global confidential settlement agreement, the terms of which are reflected in a Confidential Settlement Agreement and Full and Final Release of All Claim, releasing all claims against the Released Parties (as more fully defined in the confidential agreement) ("Settlement Agreement"). The Court reviewed the confidential agreement in camera, which were submitted to it in camera as Exhibit A, and thereafter withdrawn. The Court finds that the agreement and terms contained in said Exhibits A are fair and reasonable, were made in good faith, and are the result of contested litigation and arms-length negotiation.

6. The terms of the settlement are confidential (as set forth below in greater detail) by agreement of the parties and should be so held by this Court. Exhibits A shall be protected by this Court and was withdrawn from the record after hearing, and maintained only by the parties to the settlement agreement and their counsel.

7. Plaintiffs fully understand that the pending claims could proceed to trial by a jury and that a verdict and judgment in excess of or less than the amount of the proffered confidential settlement could be awarded and/or collected. However, even though a verdict and judgment in excess of the amount of the proffered settlement might be achieved, Plaintiffs believe that this settlement is in their best interests. Plaintiffs therefore have asked the Court to approve this settlement.

8. Plaintiffs also understand that upon approval of this settlement, all foreseeable or unforeseeable claims against Defendants and the released parties any kind arising out of the Accident will be compromised and/or forever barred pursuant to the terms of the Settlement Agreement.

9. The Court hereby finds that the proposed settlement agreement is fair, reasonable, and in the best interests of the Plaintiffs and approves the settlement in accordance with the terms set forth herein, in Exhibits A and B, and pursuant to Mo. Rev. Stat. § 537.095.

10. The Court hereby authorizes and orders Plaintiffs and their counsel to execute the proposed Settlement Agreement.

11. The Court hereby authorizes and directs Plaintiffs to collect and receive the proceeds of the settlement as set forth herein and to execute a Receipt and Satisfaction of Judgment within ten (10) days of receipt of settlement proceeds.

12. The Court finds the legal expenses and attorneys' fees of Plaintiffs' counsel incurred herein in representation of the Plaintiff, which are set forth in Exhibit A, are fair, reasonable and equitable under the circumstances and, therefore, are approved. Accordingly, the Plaintiffs are ordered to deduct the legal fees and attorney fees incurred from the settlement proceeds, and pay said legal expenses and attorney fees to Plaintiffs' counsel.

13. Pursuant to agreement of the parties, the Court orders that these settlements' terms and conditions, including, but not limited to, the amount of consideration and the nature and substance of all settlement negotiations, shall remain confidential, and said matters shall not be disclosed by the parties or their counsel to any person other than the parties to this settlement, the parties to the underlying lawsuit, and their respective attorneys, whom are also ordered to keep the settlement terms confidential. The confidentiality agreement prohibits communications (even on

an "anonymous" basis) with the media, bar services and other professional associations, jury verdict reporting services and settlement reporting services. The terms and conditions of this settlement may be disclosed in court and in court pleadings insofar as necessary to approve and enforce the terms of the settlement, or as required by a court of competent jurisdiction, but such disclosure shall be made only to the most limited extent necessary. The amount of the settlement may also be discussed with the Plaintiffs' financial advisors. The Court notes that no monetary consideration is being paid for, on account of, or in exchange for the terms of confidentiality herein, as the mutual benefits and privacy afforded to each party by such terms are in and of themselves sufficient consideration therefore.

14. The Court orders that any and all claims arising from the June 13, 2014 accident as further set forth in pleadings filed with this Court against Defendants Great Dane LLC, RJ Truck Lines, LLC, and Jose L. Cardenas-Villapando, are fully resolved, and all Defendants are fully discharged and forever released from all such claims. All such claims against Defendants are hereby dismissed <u>with</u> prejudice with each party to bear its own costs and attorney's fees.

15. The Court retains jurisdiction over this matter only to the extent necessary to enforce the terms of the confidentiality agreement contained in the Settlement Agreement.

**SO ORDERED**

Honorable Brian C. Wimes

Dated: 11/14/2017